**Petition of ROPNER SHIPPING CO., Limited.**

**THE HURWORTH.**

United States District Court
S. D. New York.

Jan. 29, 1954.

**920**

Kirlin Campbell & Keating, New York City, proctors for petitioner, Ropner Shipping Co., Limited. William J. Tillinghast, Jr., New York City, of counsel.

Weschsler & Kohn, New York City, proctors for respondent Scrap Iron & Steel Import Corp. Walter T. Kohn, New York City, of counsel.

WEINFELD, District Judge.

Petitioner moves for an order to compel arbitration in accordance with an arbitration provision in a charter party. Respondent, the charterer of the vessel, resists arbitration on two grounds: (1) that there was an accord and satisfaction on the disputed claim, which is the subject matter of the present motion, and (2) laches.

I find both contentions without substance. In an action to compel arbitration under the Federal Arbitration Act,[1] the general rule is that the Court considers no issues other than (1) the making of the agreement to arbitrate, and (2) the failure or refusal of the other party to arbitrate. And apart from equity doctrines such as laches, which on a motion to compel arbitration the Court sitting as a court of equity must take into account, all other issues of law and fact are for determination by the arbitrators.[2]

In effect, the respondent urges that the accord and satisfaction terminated the agreement—including, of course, the provision to arbitrate. But the issue of mutual cancellation of the agreement is one to be determined by the arbitrators and not the Court.[3]

The defense of laches also fails. This is so whether we consider the date of refusal of the respondent to arbitrate, which was held controlling in Reconstruction Finance Corp. v. Harrisons & Crosfield, 2 Cir., 204 F.2d 366, or the earlier date of the alleged failure to make payment pursuant to the charter terms.

The charter party was entered into on December 19, 1950. The dispute as to the amount due occurred in April, 1951, and it is evident that thereafter the parties corresponded and had negotiations. Indeed, the defendant contends that those negotiations resulted in the accord and satisfaction. The demand for arbitration was made on January 7, 1954. Either date is well within the six-year period to be applied by analogy to the New York statute of limitations.[4] No fact or circumstance has been submitted to support in any single respect the plea of laches. In re The Belize, D.C.S.D. N.Y., 25 F.Supp. 663, relied upon by the respondent, is inapposite. There, the prosecution of the action without objection by the defendant was a clear mutual rejection of the arbitration provision and

1. 9 U.S.C.A. § 4.

2. Reconstruction Finance Corp. v. Harrisons & Crosfield, 2 Cir., 204 F.2d 366, certiorari denied 346 U.S. 854, 74 S.Ct. 69; cf. Kulukundis Shipping Co. v. Amtorg Trading Corp., 2 Cir., 126 F.2d 978, 986; Albatross S. S. Co. v. Manning Bros., Inc., D.C.S.D.N.Y., 95 F.Supp. 459, 463.

3. Lipman v. Haeuser Shellac Co., 289 N.Y. 76, 43 N.E.2d 817, 142 A.L.R. 1088, cited with approval in Reconstruction Finance Corp. v. Harrisons & Crosfield, supra.

4. New York Civil Practice Act, § 48.

a waiver of the right to compel arbitration.

The motion to compel arbitration is granted.

Settle order on notice.