Petition of the STEAMSHIP COMPANY OF 1949, Inc., for an order permanently enjoining Thomas J. Fitzgerald, the Public Administrator for the County of New York, from arbitrating any and all disputes arising under the Charter Party dated January 5, 1951 between Pierre Atychides and the Steamship Company of 1949, Inc.

Petition of Thomas I. FITZGERALD, as Administrator of the Goods, Chattels and Effects of Pierre Atychides, deceased, for an order directing Steamship Company of 1949, Inc. to proceed to arbitration in accordance with the terms of its written agreement with said decedent.

United States District Court
S. D. New York.
Oct. 27, 1958.

190

Zock, Petrie, Sheneman & Reid, New York City, Francis J. O'Brien, New York City, James D. Hanlon, New York City, of counsel, for Steamship Company of 1949, Inc.

Edward V. Loughlin, New York City, Hill, Betts & Nash, New York City, Donald B. Allen, New York City, of counsel, for petitioner Thomas I. Fitzgerald.

SUGARMAN, District Judge.

Thomas I. Fitzgerald, the Public Administrator for the County of New York, moves for an order directing Steamship Company of 1949, Inc., to arbitrate a claim allegedly arising in favor of the Public Administrator's intestate, Pierre Atychides, through respondent's breach of a charter party.

Respondent cross moves for an order enjoining movant from proceeding to arbitration on three grounds, viz.: "1. The petitioner is not a proper party to the Arbitration Agreement. 2. The Letters of Administration issued to the petitioner were improperly granted. 3. That the claim asserted by the petitioner is barred by the Statute of Limitations and/or limitation of time and/or laches."

■■ If the reason first advanced by respondent is construed an argument that the contract to arbitrate was personal to Pierre Atychides and died with him, it is not sufficient to bar the relief sought. There was nothing in the relations between the decedent and the respondent which would sustain the conclusion that the parties intended the charter party to be a personal contract.[1]

The second ground advanced in support of respondent's cross-motion is in effect a plea that the Public Administrator either is not the real party in interest[2] or has no capacity to sue.[3]

■ Prima facie, the Public Administrator is the proper party to assert the claims of the estate of Pierre Atychides.[4] Any collateral attack on his capacity or interest in the dispute will be before the arbitrators because the plea is assertable in the arbitration proceeding[5] with so much of the third defense as raises the bar of the Statute of Limitations.[6]

■■ However, the balance of the third defense of, i.e., laches, must be passed upon on the instant application.[7] The court finds that the respondent has shown no circumstances accompanying the delay in pressing for arbitration which resulted in any present detriment to it other than the naked possibility that an award may be had against it by petitioner. On the other hand, petitioner shows facts which explain why an

1. Cf. Restatement, Contracts, § 459.

2. F.R.Civ.P. 17(a), 28 U.S.C.A.

3. F.R.Civ.P. 17(b).

4. Surrogate's Court Act, §§ 43, 136–z.

5. F.R.Civ.P. 81(a) (3).

6. F.R.Civ.P. 8(c).

7. Reconstruction Finance Corporation v. Harrisons & Crosfield, 2 Cir., 1953, 204 F.2d 366, 37 A.L.R.2d 1117; Petition of Ropner Shipping Co., D.C.S.D. N.Y.1954, 118 F.Supp. 919.

order for arbitration was not heretofore sought.

The defense that petitioner "is not a proper party to the Arbitration Agreement" and the defense of laches are overruled on this proceeding. The other defenses asserted by Steamship Company of 1949, Inc., are reserved for the arbitrators.

Settle an order granting the motion of Thomas I. Fitzgerald and denying the cross-motion of Steamship Company of 1949, Inc.