■ CENTURY 21 KAATERSKILL REALTY, Respondent, v SAVINO GRASSO et al., Appellants.—Mikoll, J.

Plaintiff sued defendants seeking judgment in the sum of $2,200 claimed to be the balance due and owing for a real estate broker's commission for the sale of real property belonging to defendant Michele Grasso (hereinafter Grasso). Defendants moved to dismiss the complaint on the grounds of discharge and failure to state a cause of action. Special Term denied the motion, giving rise to this appeal by defendants.

Plaintiff was retained to sell land owned by Grasso, who agreed pursuant to a written contract to pay brokerage fees of 10% of the purchase price. The property was sold for $82,000 and title was transferred on May 11, 1984. Plaintiff demanded payment of $8,200. Grasso's attorney sent plaintiff a check for $6,000 which bore the legend: "In full accord and satisfaction

for any real estate commission claimed by Centruy 21 against Michele Grasso." The check was indorsed by Rubin J. Katz, an officer of plaintiff, and deposited in plaintiff's account. Defendants contend that the $2,200 sought in plaintiff's complaint was discharged by plaintiff's acceptance without protest of the check tendered on Grasso's behalf in full satisfaction of the debt owed. Special Term held that defendants were not entitled to a dismissal of the complaint based on an accord and satisfaction in that the submissions failed to evidence the existence of a dispute which would make viable the accord and satisfaction defense.

Defendants contend that plaintiff's failure to protest the partial payment as to conform to UCC 1-207 entitles defendants to a dismissal of the complaint. UCC 1-207 reads as follows: "A party who with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as 'without prejudice', 'under protest' or the like are sufficient." We concur with Special Term's interpretation that UCC 1-207 is not implicated absent a pending dispute as to delivery, acceptance or payment. Defendants never disputed the amount owed before the check was sent to plaintiff. Accord and satisfaction pursuant to UCC 1-207 pertains only to a method of procedure where one party is claiming as of right something which the other feels is unwarranted (see, Horn Waterproofing Corp. v Bushwick Iron & Steel Co., 66 NY2d 321, 323).

Order affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.