■ In the Matter of the Arbitration between PILE FOUNDATION CONSTRUCTION COMPANY, INC., et al., Appellants, and E.W. HOWELL CO., INC., Respondent.—Order of the Supreme Court, New York County (Karla Moskowitz, J.), entered May 23, 1989, which denied petitioners' motion to stay arbitration and granted respondent's motion to compel a hearing to determine whether Pile Foundation Construction Company, Inc. (Pile Construction) was the alter ego of Pile Foundation, Inc., is unanimously affirmed, with costs and disbursements payable by petitioners.

Respondent Howell, a general contractor, entered into a contract with Metropolitan New York Flower Market (Flower Market) for the construction of a building. Howell subsequently entered into a contract with Pile Foundation, Inc., as subcontractor, to drive the piles necessary for the construction of the foundation of the building. Both contracts contained arbitration clauses. After Pile Foundation finished, it was

discovered that the building was settling. An agreement was entered into by the three parties. In connection with this agreement, Pile Foundation obtained general releases from Howell and Flower Market. Prior to the execution of this agreement, one of the principals of Pile Foundation formed a new corporation, Pile Construction. This corporation entered into a subcontract with Howell to perform the work contemplated by the agreement. This contract did not contain an arbitration clause.

If the court determines a valid agreement exists and the claim is timely, the court may not stay arbitration on any substantive grounds (CPLR 7503 [b]). In the instant case, there is a general release which does not expressly provide for cancellation of the arbitration provision of the original agreement. Therefore, the validity and effect of the subsequent general releases are for the arbitrator to determine (*Matter of Schlaifer v Sedlow*, 51 NY2d 181).

In addition, a corporation that is not a signatory to an arbitration agreement, but is the alter ego of the signatory corporation, can be compelled to arbitrate (*Glasser v Price*, 35 AD2d 98, 99). Howell has set forth sufficient facts to raise a question of fact. Thereby, the IAS court was warranted in directing a hearing to determine whether Pile Construction was the alter ego of Pile Foundation, Inc. Concur—Sullivan, J. P., Rosenberger, Asch, Ellerin and Smith, JJ.