■ In the Matter of the Arbitration between FENER REALTY COMPANY, Respondent, and NICO CONSTRUCTION CO., INC., Appellant.—Order and judgment (one paper) of the Supreme Court, New York County (Harold Tompkins, J.), entered April 9, 1991, which granted the petitioner's application to stay arbitration, unanimously reversed, on the law, the petitioner's application is denied, the stay is vacated and the parties are directed to proceed to arbitration, with costs.

In July of 1986, the petitioner, the owner of certain real property located in Manhattan, entered into an agreement with the respondent, a construction manager, to renovate the property. The agreement contained a general arbitration clause whereby the parties agreed to submit "[a]ll claims, *disputes* and other matters in question between the parties to this Agreement arising out of or relating to this Agreement or the breach thereof" to arbitration, unless the parties mutually agreed otherwise.

On May 4, 1987, the project was damaged by water. In November, the petitioner notified the respondent that it was backcharging the respondent $98,361 for the damage. The respondent then commenced an arbitration proceeding against the petitioner to recover $521,622.75, the full amount the respondent claimed was due for its work on the project.

In its application to stay arbitration, the petitioner relied on an agreement entered into by the parties on October 10, 1988. This "Letter Agreement" provided that "[t]his will confirm our agreement * * * to settle out the above-referenced construction project for the sum of $170,000 (which amount is net of the insurance claim for the water damage), which amount is payable as follows: $150,000 upon return of a signed copy of this letter and $20,000 on delivery of lien waivers from all sub-contractors, general releases, etc."

While the petitioner made the $150,000 payment, it conceded that the remaining $20,000 was not paid because the respondent failed to submit the lien waivers and general releases called for in the agreement. The petitioner maintained that the Letter Agreement settled all disputes between the parties and that therefore, there was no contractual basis for proceeding with arbitration. The respondent, however, alleged that the Letter Agreement did not represent a final settlement of all claims or a general release of the petitioner, as evidenced by the exclusion of the water damage claim, the petitioner's backcharge of the respondent for the purported damage and by the petitioner's failure to take any steps by which the respondent could file an insurance claim. Instead, the respondent contended that the Letter Agreement merely served as an acknowledgement that the respondent had received $150,000 for a portion of its work.

The Supreme Court, without conducting a hearing, granted the petition and stayed arbitration, concluding that the parties settled the issue of water damage in the Letter Agreement of October 10, 1988. We reverse and direct the parties to proceed to arbitration.

In determining the effect of an arbitration agreement, "the court shall not consider whether the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute" (CPLR 7501). Any issue relating to the validity of the substantive provisions of a contract, including a failure to reflect a meeting of the minds is for the arbitrator to decide (*Matter of Cassone*, 63 NY2d 756). Moreover, "[t]ermination of the contract's substantive obligations

and replacement of it with a new agreement are issues which similarly involve conduct of the parties subsequent to the contracting which are to be decided by the arbitrator *(Matter of Schlaifer v Sedlow,* 51 NY2d 181; *Matter of Riccardi [Modern Silver Linen Supply Co.],* 36 NY2d 945, 947; *Matter of Lipman [Haeuser Shellac Co.],* 289 NY 76, 79-81). Termination ·is a question for the arbitrator unless the asserted replacement agreement relates to the arbitration clause in the original agreement *(Matter of Schlaifer v Sedlow, supra)." (Supra,* at 759.)

The parties chose arbitration as the means to resolve their disputes. The broad arbitration clause contained in the contract encompasses all disputes arising out of the construction project. " '[O]nce the parties to a broad arbitration clause have made a valid choice of forum, as here, all questions with respect to the validity and effect of subsequent documents purporting to work a modification or termination of the substantive provisions of their original agreement are to be resolved by the arbitrator' *(Matter of Schlaifer v Sedlow,* 51 NY2d 181, 185; cf. *Matter of Black & Pola [Manes Organization],* 50 NY2d 821)" *(Inryco, Inc. v Parsons & Whittemore Contrs. Corp.,* 55 NY2d 666, 667; cf., *Matter of Timbers [Woicik],* 177 AD2d 432; *Matter of Japan Cotton Trading Co. [Farber],* 233 App Div 354).

In the instant case, the Letter Agreement containing the release or accord and satisfaction does not provide for the cancellation of the broad arbitration clause contained in the parties' original contract *(Matter of Pile Found. Constr. Co. [Howell Co.],* 159 AD2d 352). Therefore, the validity and effect of the subsequent agreement must be determined by the arbitrator *(supra).*

· Accordingly, there is no basis for staying arbitration of the parties' disputes. Concur—Murphy, P. J., Rosenberger, Ellerin and Kassal, JJ.