■ In the Matter of the Arbitration between ELIZABETH M. KUMMERFELD, Respondent, and MASATOSHI SAKAI, Appellant. —Order and judgment (one paper), Supreme Court, New York County (Beverly S. Cohen, J.), entered April 20, 1992, which granted the petitioner's application to stay arbitration by respondent, and denied respondent's motion for disclosure, unanimously affirmed, with costs.

Respondent demanded arbitration pursuant to an agreement between himself and a corporate entity, which agreement was signed by petitioner in a representative capacity. Recognizing that an individual who in a representative capacity signs an agreement containing an arbitration clause cannot be compelled to arbitrate (see, Johnston v Silverman, 167 AD2d 284), respondent seeks to pierce the corporate veil, relying primarily on the corporation's admitted failure to follow corporate formalities. Respondent, however, has failed

to raise an issue of fact sufficient to require a hearing pursuant to CPLR 7503 (a) on whether the corporation was petitioner's alter ego *(cf., Matter of Pile Found. Constr. Co. [Howell Co.],* 159 AD2d 352). As we stated in *Feigen v Advance Capital Mgt. Corp.* (150 AD2d 281, 282, *lv denied* 74 NY2d 874), "[t]he alter ego theory is simply insufficient to support claims for breach of contract against individuals in the absence of factual allegations demonstrating fraud or other corporate misconduct or that the individuals in question conducted business in their personal rather than corporate capacity" *(see also, Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652, 657). Here, there are no allegations of fraud, and no evidence that petitioner used the corporation to conduct anything other than the business for which the corporation was formed. The internal error committed by the bank regarding a transfer of funds does not raise an issue of fact as to any self-dealing by petitioner. Concur—Carro, J. P., Kupferman, Ross and Asch, JJ.