■ Trans World Grocers, Inc., Respondent, v Sultana Crackers, Inc., Appellant. [684 NYS2d 284] —In an action to re-

cover payment for goods sold and delivered, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Robbins, J.), entered December 10, 1997, which, after a nonjury trial, is in favor of the plaintiff and against it in the principal amount of $10,205.50.

Ordered that the judgment is affirmed, with costs.

The parties entered into an oral agreement for the sale of 1,230 units of "Baby Ruth" and "Butterfinger" candy bars at the price of $66.25 per unit. The total sum due the plaintiff was $81,487.50, which was confirmed by the defendant's purchase order. According to the defendant, the contract price was thereafter reduced to $58 per unit by an oral agreement. Upon receipt of the goods, the defendant sent a check in the amount of $71,282 marked "in full and final payment", accompanied by a copy of the invoice with handwritten notations indicating that the candy was "purchased at $58.00" per unit. The plaintiff deposited the payment check without objection. Two weeks later, it requested that the defendant remit the balance due. After the defendant claimed that an accord and satisfaction discharged its obligation under the original agreement, the plaintiff commenced the instant action.

It is well settled that acceptance of a check in full satisfaction of a disputed unliquidated claim operates as an accord and satisfaction discharging the claim (*see, Horn Waterproofing Corp. v Bushwick Iron & Steel Co.,* 66 NY2d 321; *Merrill Lynch Realty/Carll Burr v Skinner,* 63 NY2d 590). The party asserting the affirmative defense of accord and satisfaction must establish that there was a genuine dispute regarding an unliquidated claim between the parties which they mutually resolved through a new contract discharging all or part of their obligations under the original contract (*see, Horn Waterproofing Corp. v Bushwick Iron & Steel Co., supra*). A genuine dispute requires that the debtor give notice of the dispute prior to tendering a partial payment in full satisfaction (*see, Century 21 Kaaterskill Realty v Grasso,* 124 AD2d 316; *see, Schnell v Perlmon,* 238 NY 362; *Fuller v Kemp,* 138 NY 231; *Schuttinger v Woodruff,* 259 NY 212). The finding of a genuine dispute is a question of fact (*see, Schuttinger v Woodruff, supra*). Contrary to the defendant's contention, the trial court's determination that the parties did not enter into an oral agreement to reduce the price to $58 per unit, but rather, that the defendant unilaterally sought to modify the terms of their agreement, is a fair interpretation of the evidence and should not be disturbed (*see, Thoreson v Penthouse Intl.,* 80 NY2d 490). As a result, there was no genuine dispute prior to the tender of payment and thus no accord

and satisfaction. Santucci, J. P., Altman, Friedmann and McGinity, JJ., concur.