■ HELEN POTHOS, Individually and as Administrator of the Estate of KONSTANTINOS POTHOS, Deceased, et al., Appellants, v ARVERNE HOUSES, INC., et al., Defendants and Third-Party Plaintiffs, et al., Third-Party Defendant. CNA INSURANCE Co., Nonparty Respondent. [702 NYS2d 392] —In an action, inter alia, to recover damages for wrongful death, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated January 19, 1999, as granted that branch of the motion of the nonparty CNA Insurance Co. which was to vacate a judgment dated September 25, 1998, entered in favor of the plaintiffs and against the third-party defendant pursuant to CPLR 5003-a, and (2) from an order of the same court, dated April 16, 1999, which denied their motion for the payment of interest on settlement proceeds.

Ordered that the order dated January 19, 1999, is reversed insofar as appealed from, on the law, that branch of the motion which was to vacate the judgment is denied, and the judgment is reinstated; and it is further,

Ordered that the appeal from the order dated April 16, 1999, is dismissed as academic; and it is further,

Ordered that the plaintiffs are awarded one bill of costs payable by the respondent CNA Insurance Co.

The plaintiffs properly entered judgment against the third-party defendant, King Electric Company (hereinafter King), pursuant to CPLR 5003-a. King, by its insurer, CNA Insurance Co. (hereinafter CNA), failed to pay $1,000,000 pursuant to a settlement agreement within 21 days of the plaintiffs' tender of an executed release, a stipulation of discontinuance, and the Surrogate's decree approving the settlement of this action. Thereafter, CNA forwarded certain checks to the plaintiffs, which the plaintiffs accepted. The payments, however, did not include the interest, costs, and disbursements provided for in the judgment. CNA then moved, *inter alia*, to vacate the judgment, contending that the plaintiffs' acceptance of the checks constituted an accord and satisfaction. The Supreme Court granted that branch of the motion and vacated the judgment.

Generally, acceptance of a check in full settlement of a disputed or unliquidated claim operates as an accord and satisfaction. Thus, a party seeking to establish an accord and satisfaction must demonstrate that there was a disputed or unliquidated claim between the parties which they mutually resolved through a new contract discharging all or part of their obligations under the original contract (*see, Merrill Lynch Realty / Carll Burr, Inc. v Skinner,* 63 NY2d 590, 596; *Trans World Grocers v Sultana Crackers,* 257 AD2d 616, 617). Here, there was no disputed or unliquidated claim. Consequently, the plaintiffs' acceptance of the checks did not constitute an accord and satisfaction and the Supreme Court erred in vacating the judgment (*see, Patel v Orma,* 190 AD2d 782).

In light of our determination reinstating the judgment, there is no benefit the plaintiffs would gain if they were to succeed on their appeal from the order dated April 16, 1999. Consequently, we dismiss the appeal as academic. Mangano, P. J., Altman, Schmidt and Smith, JJ., concur.