**STANDARD MICROSYSTEMS CORP., Plaintiff,**

v.

**Ashraf DAHOD and Kawbena Akufo, Defendants.**

**No. 99–CV–1268.**

United States District Court, E.D. New York.

Feb. 23, 2000.

Ropes & Gray by Robert Morse, Marc L. Kesselman, Washington, DC, for Plaintiff.

Tarlow, Breed, Murphy, Hart & Rodgers, P.C. by Bruce G. McNeill, Boston, MA, for Defendants.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This case involves allegations by the Plaintiff, Standard Microsystems Corp. ("Standard"), of fraud, breach of contract, conspiracy, and demands for contribution or indemnity against Defendants Ashraf Dahod and Kawbena Akufo arising from a corporate merger between Standard and a business being operated by the Defendants. Presently before the Court is the Defendants' motion for an order referring the case to arbitration.

The allegations in this case relate to the alleged breach by the Defendants of an Agreement and Plan of Merger entered into the parties on December 8, 1992. Article 11.4 of that agreement provides that the parties "shall promptly submit any dispute, claim, or controversy arising out of or relating to this Agreement ... or any alleged breach (including any action in tort, contract, equity, or otherwise), to binding arbitration before one arbitrator." The Defendants contend that this portion of the agreement requires that this lawsuit be submitted to arbitration, as it "arises out of" the merger agreement. Standard does not dispute that its lawsuit is covered by the terms of the arbitration agreement, but argues that the Defendants have waived their right to demand arbitration.

Standard's argument is premised entirely on an exchange of letters between the parties following service of the complaint. On March 10, 1999, the Defendants' counsel wrote to Standard's attorney stating "[m]y clients have authorized me to accept service on their behalf and proceed with an Answer and Counterclaim against [Standard]." On April 1, 1999, the Defendants' attorney again wrote to Standard's counsel, stating that "[m]y clients hereby request a 30–day extension to file an answer in the above captioned matter. The Answer to the complaint requires review of documents that we are in the process of obtaining from various attorneys. We hope to obtain them within 30 days and prepare an Answer." That same day, Standard's attorney responded, granting the extension on the conditions that "there will be no further extension of the time to file an Answer" and that the Defendants' attorney prepare a stipulation to that effect. Defendants' counsel did so, and on April 2, 1999, the parties stipulated that "the time for the Defendants ... to file their Answer to the Plaintiff's Complaint be and hereby is extended to May 5, 1999." On May 6, 1999, the Defendants filed the instant motion to stay the litigation and refer the case to arbitration. Standard

argues that the use of the term "Answer" throughout its correspondence, rather than some more general phrase, constitutes an express waiver of the Defendants' right to invoke arbitration.

■ It is axiomatic that there is a well-settled federal policy encouraging arbitration of disputes where a contract so provides. *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 56, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995); *Volt Information Sciences v. Board of Trustees*, 489 U.S. 468, 474–75, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989); *Oldroyd v. Elmira Savings Bank*, 134 F.3d 72, 76 (2d Cir. 1998). Because of this strong federal preference for arbitration as a dispute resolution procedure, any doubts concerning whether there has been a waiver of the right to arbitrate must be resolved in favor of arbitration. *PPG Indus., Inc. v. Webster Auto Parts Inc.*, 128 F.3d 103, 107 (2d Cir.1997); *Leadertex Inc. v. Morganton Dyeing & Finishing Corp.*, 67 F.3d 20, 25 (2d Cir.1995). Stated simply, a finding of waiver is not to be "lightly inferred." *Id.*

■ A party is deemed to have waived its right to arbitration if it "engages in protracted litigation that results in prejudice to the opposing party." *S & R Co. of Kingston v. Latona Trucking*, 159 F.3d 80, 83 (2d Cir.1998), *citing Doctor's Assocs., Inc. v. Distajo*, 66 F.3d 438, 457 (2d Cir. 1995) (requiring litigation on "substantial issues going to the merits" and demonstrated prejudice). The determination of whether the party seeking to compel arbitration has waived its rights by participating in the litigation is fact-specific. *Id.* Factors to consider include (1) the time elapsed from the commencement of litigation to the request for arbitration; (2) the amount of litigation (including exchanges of pleadings, any substantive motions, and discovery); and (3) proof of prejudice, including taking advantage of pre-trial discovery not available in arbitration, delay, and expense. *Id. citing PPG Indus., Inc. v. Webster Auto Parts Inc.*, 128 F.3d 103, 107–09 (2d Cir.1997).

Considering each of these factors in turn, the Court finds that the lapse in time between the commencement of litigation and the demand for arbitration was extremely brief—less than 60 days passed between Standard's service of the complaint and the Defendants' demand for arbitration. *Compare PPG Industries*, 128 F.3d at 108 (five-month delay in litigation is not enough, of itself, to infer waiver). This short lapse of time favors granting Defendants' motion to compel arbitration. Also, there is no indication from the papers here that the parties have engaged in any meaningful litigation here. The Defendants' motion to compel arbitration was served in lieu of an answer, and the docket does not reveal that any further proceedings have occurred. *Compare PPG Industries*, 128 F.3d at 108 (engaging in discovery and filing substantive motions constitutes waiver); *S & R Co.*, 159 F.3d at 83 (participating in extensive discovery constitutes waiver) *with Doctor's Assocs.*, 107 F.3d at 132–33 (no waiver found even where party seeking arbitration had commenced litigation against opponent in collateral proceeding). Here, the Court finds that effectively, there has been no litigation in this case, and thus, this factor strongly weighs against a finding of waiver.

Finally, there is no indication in the papers before the Court that Standard has been prejudiced in any way by the Defendants' failure to immediately demand arbitration. "Prejudice," as defined by the Second Circuit, refers to the inherent unfairness—in terms of delay, expense, or damage to a party's legal position—that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue. *Id.* at 133. As stated above, issue has not even been joined in this case, and at this embryonic stage of the litigation, the Court is hard-pressed to discern any palpable prejudice that may have inured to Standard.

■ Therefore, the Court finds that Defendants' minimal participation in this action does not constitute a waiver of their right to demand arbitration.

These cases further establish that Standard's specific argument here—that the Defendants expressly waived their right to demand arbitration by indicating an intention to file an "Answer" to the complaint, not a demand for arbitration—is without merit. Clearly, the filing of an answer does not, absent more, waive arbitration, and thus, an indication by the Defendants that they intended to file an answer is even less evidence of a waiver. Standard's attorney's self-serving statement in his affidavit that he only consented to the filing of an answer, not a demand for arbitration, rings hollow. If Standard wished to condition its consent to an extension on an express waiver of arbitration by the Defendants, he certainly would have included that requirement in the conditions set forth in his April 1, 1999 letter. In any event, the Court is mindful that waiver should not be "lightly inferred," and finds that Standard's semantical argument carries no weight.

Accordingly, the Defendants' motion to compel arbitration of this case in GRANTED. The parties are directed to proceed to arbitration on the terms specified in the December 8, 1992 Agreement. The Clerk of the Court is directed to close this case.

**SO ORDERED.**