■ ADA DINING CORP. et al., Respondents, v 208 EAST 58TH STREET, LLC, Appellant, et al., Defendant. [882 NYS2d 49]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered May 5, 2008, as amended by order, same court and Justice, entered June 3, 2008, which, to the extent appealed from, denied defendant-appellant's motion for summary judgment on its second, third and fourth counterclaims and for an order to turn over to appellant the cash undertaking in the amount of $100,000 which plaintiffs posted pursuant to a prior

order, and which granted plaintiffs' cross motion for leave to amend the complaint, and order, same court and Justice, entered October 6, 2008, which, inter alia, denied appellant's motion to dismiss the amended complaint, unanimously affirmed, without costs.

The court exercised its discretion in a provident manner in granting the cross motion to amend the complaint (CPLR 3025 [b]), and in declining to dismiss said amended complaint as materially different from the proposed amended complaint inasmuch as the new claims had merit and were properly pleaded (*see Thomas Crimmins Contr. Co. v City of New York*, 74 NY2d 166, 170 [1989]; *Peach Parking Corp. v 346 W. 40th St., LLC*, 42 AD3d 82, 86 [2007]). There was no surprise since the court had not only discussed the issue of accord and satisfaction in its decision, but the amended complaint was in accordance with the June 3, 2008 order, which specifically permitted plaintiffs to include the allegations contained in the discontinued Florida action.

Furthermore, the allegations of accord and satisfaction sufficiently pleaded the existence of a written and signed accord (General Obligations Law § 15-501 [2]), based upon the August 2007 agreement which included an option to purchase the building at a set price that purportedly subsumed the claimed overdue rent (*see Pothos v Arverne Houses*, 269 AD2d 377 [2000] [party seeking to establish an accord and satisfaction must show a disputed claim which the parties mutually resolved through a new contract discharging all or part of prior contractual obligations]).

We have considered appellant's remaining claims and find them unavailing. Concur—Gonzalez, P.J., Sweeny, Buckley, Renwick and Freedman, JJ. [*See* 2008 NY Slip Op 31308(U).]