OPINION OF THE COURT
Patricia P. Satterfield, J.
At issue on this motion for summary judgment, made at the conclusion of trial, is the applicability to this action of the limitations of liability under the Warsaw Convention (49 US Stat 3000 [1934]), the conditions of contract and the tariff on file with the United States Department of Transportation. Plaintiff, Cindy Grossman, seeks damages in the amount of $5,866.87 for property loss arising from the loss of baggage *862 during air transportation aboard Iberia Airlines of Spain (defendant). At trial, plaintiff presented uncontroverted proof of the value of the luggage and the contents thereof. Defendant sought only to establish the weight of the luggage, and to limit its liability as provided in the Warsaw Convention.
I. PERTINENT FACTS
On Christmas Eve, December 24, 1991, plaintiff traveled from JFK International Airport to Madrid, Spain by Iberia Airline. Plaintiff checked all luggage, except her "hand luggage” which contained leather clothing, jewelry, cosmetics, perfume and various other valuable items. Just prior to boarding, defendant’s employee approached plaintiff, and forced her to relinquish the bag, thus preventing plaintiff from boarding with her hand luggage, described as a "Black Sports Sac.” The defendant’s employee forcibly removed the luggage from plaintiff’s shoulder, permitted her to remove her wallet and identification, and gave her a form slip, "number IB 203483”, with an "x” that indicated that the luggage was "Not admissible in cabin.” The slip contained the statement that "This is not the luggage ticket (baggage check) described by Article 4 of the Warsaw Convention.” This occurred while plaintiff was going through the gate to board the plane. Upon arrival in Madrid, plaintiff’s luggage could not be located.
II. APPLICABLE LAW
The Warsaw Convention (49 US Stat 3000 [1934]), which generally applies to international air transportation, limits a carrier’s liability to 250 francs or United States $20 per kilogram for checked baggage, unless the passenger has made a special declaration prior to boarding, and 5,000 francs or United States $400 per passenger for unchecked bags or items. (Warsaw Convention art 22.) An air carrier may limit its liability by filing with the United States Department of Transportation a tariff incorporating the limitation contained in the Warsaw Convention (Convention). Defendant filed such limitations of liability with the Department of Transportation, pursuant to section 403 of the Federal Aviation Act of 1958 (49 USC § 1373), as amended, which, inter alia, provides: "Any liability of carrier is limited to 250 French Gold Francs, USD 20.00, CAD 20.00, per kilogram in the case of checked baggage and 5,000 French Gold Francs, USD 400.00, CAD 400.00 per passenger in the case of unchecked baggage or other property, *863 unless a higher value is declared in advance and additional charges are paid pursuant to carrier’s tariff. In that event, the liability of carrier shall be limited to such higher declared value. In no case shall the carrier’s liability exceed the actual loss suffered by the passenger. All claims are subject to proof of amount of loss.”
This tariff is a condition of contract between the passenger and the carrier, and was incorporated by reference on plaintiff’s passenger ticket and baggage check, which stated "If the passenger’s journey involves an ultimate destination or stop in a country other than the country of departure, the Warsaw Convention may be applicable and the Convention governs and in most cases limits the liability of carriers for death or personal injury and for loss of or damage to baggage. See also the notices entitled 'Advice to International Passengers on Limitations of Liability’ and 'Notice of Baggage Liability Limitations’.” Accordingly, plaintiff was subject to the limitations set forth in the Convention, defendant’s tariff, and the contract formed by her purchase of a ticket.
This limitation on liability, however, is not absolute. Article 25 (1) of the Convention eliminates the limitation of liability where there is wilful misconduct by the carrier, providing that "The carrier shall not be entitled to avail himself of the provisions of this convention which exclude or limit his liability, if the damage is caused by his wilful misconduct or by such default on his part as, in accordance with the law of the court to which the case is submitted, is considered to be equivalent to wilful misconduct.” Article 4 (4) of the Convention similarly provides that "if the carrier accepts baggage without a baggage check having been delivered * * * the carrier shall not be entitled to avail himself of those provisions of the convention which exclude or limit his liability.”
III. CONCLUSION
Plaintiff’s testimony established that she did not voluntarily give her carry-on baggage to defendant and raised the inference that the conduct of defendant’s employee may have been inappropriate. However, as article 4 (4) of the Convention is dispositive, it is not necessary to reach the question whether defendant’s conduct constituted "wilful misconduct” within the meaning of article 25 of the Convention, as construed under New York law.
The documentary evidence submitted at trial — the claim *864 ticket — established that defendant accepted plaintiffs carry-on luggage "without a baggage check having been delivered.” Defendant thus may not avail itself of the limitations imposed by article 22 of the Convention and incorporated in its tariff, and is liable for the damages proved at trial.
Accordingly, defendant’s motion for summary judgment is denied, judgment is granted in favor of plaintiff and against defendant in the amount of $5,422.22 (which represents the value of the personal items contained in the carry-on luggage, supported by receipts), plus interest from December 24,1991.