■ METROPOLITAN KNITWEAR et al., Respondents, v TRANS WORLD FASHIONS, INC., et al., Appellants. [649 NYS2d 702] —Judg-

ment, Supreme Court, New York County (Diane Lebedeff, J.), entered January 26, 1996, as resettled by the order entered on or about February 21, 1996, awarding plaintiff damages and bringing up for review a prior order, same court and Justice, entered on or about January 18, 1996, which, in an action to recover for services rendered, granted plaintiff's motion for partial summary judgment, and order, same court and Justice, entered on or about February 21, 1996, which, *inter alia*, denied defendants' motion to renew the prior order granting plaintiff partial summary judgment, unanimously affirmed, with one bill of costs.

The IAS Court correctly determined that plaintiffs' acceptance of defendants' April 28, 1995 check did not constitute an accord and satisfaction, plaintiff having reserved its right under UCC 1-207 to pursue the remainder of its claim when it wrote on the back of the check that "[t]his check is deposited under protest, without prejudice and with preservation of all rights of the payee against the drawer of the check". UCC 1-207 applies even though plaintiff's claim is for services rather than goods, since defendants paid by check (*Horn Waterproofing Corp. v Bushwick Iron & Steel Co.*, 66 NY2d 321, 329-330). The IAS Court also properly refused to review the evidence defendants submitted on their motion to renew, absent an explanation for not having submitted it on the first motion (*Leonard Fuchs, Inc. v Laser Processing Corp.*, 222 AD2d 280). In any event, the material submitted does not raise an issue as to whether the sweaters manufactured under the March 1995 invoice were defective or had been paid for by defendants; nor does it establish that defendants paid for the 208 dozen returned sweaters. Concur—Sullivan, J. P., Rosenberger, Rubin, Kupferman and Williams, JJ.