■ MOHAMMED O. SALIS, Appellant, v GHANA AIRWAYS, Respondent. [780 NYS2d 627]—

In an action to recover damages for personal injuries and loss of property, the plaintiff appeals from an order of the Supreme Court, Kings County (Bunyan, J.), dated September 4, 2003, which (1) granted the defendant's motion for partial summary judgment dismissing all causes of action "inconsistent with the Warsaw Convention" and the cause of action to recover damages for assault, and to limit his damages to $400 for a lost handbag and $460 for a lost checked piece of luggage, and (2) denied his cross motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was to limit the defendant's damages for the plaintiff's lost handbag to $400, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

On April 8, 2001, the plaintiff checked in at London Heathrow Airport and was scheduled to fly on the defendant Ghana

Airways to Lagos, Nigeria. The plaintiff was carrying four pieces of luggage, weighing a total of 136 kilograms. The defendant permitted only 40 kilograms of baggage per passenger to be checked in free of charge. The plaintiff successfully negotiated with the defendant's agent to pay a reduced fee for three pieces of luggage. The plaintiff then proceeded to the boarding gate with his fourth piece of luggage, a handbag.

At the boarding gate, the defendant's agent informed the plaintiff that since his handbag weighed about 36 kilograms (approximately 80 pounds), it could not be safely stored on board the plane as carry-on luggage. He was advised that the handbag had to be checked and that he was required to pay an additional excess baggage charge. After the plaintiff's offer to pay a reduced charge for the excess baggage was rejected by the defendant's agent, he attempted to board the plane with his handbag. The plaintiff alleged that two of the defendant's agents then seized his handbag and twisted his arm. The defendant's manager at Heathrow Airport subsequently arrived on the scene and allegedly "took the handbag away" without issuing a baggage check. The defendant denies taking the plaintiff's handbag, and alleges that the plaintiff abandoned it at the gate.

The Warsaw Convention (art 17, 49 US Stat 3000, reprinted following 49 USCA § 40105) (hereinafter the Convention) applies "to all international transportation of persons, baggage, or goods performed by aircraft for hire" (Warsaw Convention art 1 [1], 49 US Stat 3000, reprinted following 49 USCA § 40105). The Convention is the supreme law of the land, of which New York courts must take notice (*see Rosman v Trans World Airlines,* 34 NY2d 385 [1974]). The Convention limits the liability of carriers to a specified amount per kilogram (*see* Warsaw Convention art 22 [2], 49 US Stat 3000, reprinted following 49 USCA § 40105; *Schopenhauer v Compagnie Nationale Air France,* 255 F Supp 2d 81 [2003]).

Warsaw Convention article 4 (4) (49 US Stat 3000, reprinted following 49 USCA § 40105) provides that "if the carrier accepts baggage without a baggage check having been delivered . . . the carrier shall not be entitled to avail [itself]" of the liability limitations under the Convention. Warsaw Convention article 25 (1) (49 US Stat 3000, reprinted following 49 USCA § 40105) eliminates the Convention's limitation of liability where there is willful misconduct by the carrier.

Here, the Supreme Court erred in determining that the defendant could avail itself of the limitations imposed by Warsaw Convention article 22 (49 US Stat 3000, reprinted following 49 USCA § 40105) with regard to the plaintiff's handbag (*see Gross-*

*man v Iberia Airlines of Spain,* 156 Misc 2d 861 [1992]). Contrary to the defendant's contention, there is an issue of fact as to whether the defendant's agent took the plaintiff's handbag without issuing a baggage check or whether the plaintiff abandoned the handbag (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

The plaintiff's contention that he suffered bodily injuries when the defendant's agents twisted his arm is without merit, since he failed to establish that there was an objective identifiable injury to his body (*see Rosman v Trans World Airlines, supra* at 399). Moreover, the plaintiff's claim for emotional injuries also was properly dismissed since the Convention does not allow recovery for purely mental injuries (*see* Warsaw Convention art 17, 49 US Stat 3000, reprinted following 49 USCA § 40105; *Eastern Airlines, Inc. v Floyd,* 499 US 530, 534 [1991]).

The plaintiff's remaining contentions are without merit. Altman, J.P., Smith, Krausman and Skelos, JJ., concur.