*108 OPINION OF THE COURT
Memorandum.
Judgment unanimously reversed without costs and matter remanded to the court below for a new trial limited to the issue of plaintiffs’ damages.
In this small claims action, plaintiffs’ claim for damages resulting from the defendant’s failure to deliver two pieces of luggage on an international flight is governed by the Convention for the Unification of Certain Rules Relating to International Transportation by Air (49 US Stat 3000, reprinted following 49 USCA § 40105 [Warsaw Convention]). The Warsaw Convention applies rather than the subsequent treaty commonly referred to as the Montreal Convention (see Convention for International Carriage by Air, May 28, 1999 [entered into force on Nov. 4, 2003], reprinted in S Treaty Doc No. 106-45, 1999 WL 33292734, 1999 UST LEXIS 175), since the acts giving rise to the instant suit took place prior to the effective date of the Montreal Convention (see Ehrlich v American Airlines, Inc., 360 F3d 366, 371 [2d Cir 2004]). Under article 22 (2) of the Warsaw Convention, an international air carrier’s liability for baggage claims is limited to a specified amount (see Trans World Airlines, Inc. v Franklin Mint Corp., 466 US 243 [1984]; Salis v Ghana Airways, 9 AD3d 421 [2004]). Defendant claims that plaintiffs’ recovery pursuant to article 22 (2) is limited to the sum of $634.90 per piece of luggage, for a total of $1,269.80. It is uncontroverted on the record that defendant issued a check in the sum of $1,269.80 which plaintiffs cashed. Plaintiffs argue that defendant may not invoke the limitation of liability provision because defendant failed to comply with articles 3 and 4 of the Warsaw Convention.
Article 3 of the Warsaw Convention requires the carrier to deliver a passenger ticket containing certain particulars including notice that the transportation is subject to the limitation of liability provisions of the Convention (subd [1]), and further provides that “if the carrier accepts a passenger without a passenger ticket having been delivered he shall not be entitled to avail himself of those provisions of this convention which exclude or limit his liability” (subd [2]). Pursuant to article 4, a carrier must deliver a baggage check (subd [1]), which sets forth specified particulars including notice of the limitation of liability provisions of the Warsaw Convention (subd [3]), and provides that “if the carrier accepts baggage without a baggage *109 check having been delivered, or if the baggage check does not contain the particulars set out . . . above, the carrier shall not be entitled to avail himself of those provisions of this convention which exclude or limit his liability” (subd [4]).
The assertion of the Convention’s liability limitations is an affirmative defense and the carrier bears the burden of proof (see Manion v Pan Am. World Airways, 55 NY2d 398, 405-406 [1982]). An air carrier’s failure to prove delivery of the passenger ticket precludes it from invoking the Convention’s limitation of liability (see Chan v Korean Air Lines, Ltd., 490 US 122, 128-129 [1989]; Manion v Pan Am. World Airways, 55 NY2d at 403). Similarly, a carrier is not entitled to avail itself of the Convention’s liability limitations where it fails to prove delivery of a baggage check (see Salis v Ghana Airways, 9 AD3d 421 [2004], supra; Grossman v Iberia Airlines of Spain, 156 Misc 2d 861 [1992]). Further, while an airline’s delivery of a passenger ticket with an inadequate notice that the transportation is subject to the Convention’s liability provisions does not result in a forfeiture of the carrier’s limitation of damages (Chan v Korean Air Lines, Ltd., 490 US at 128-129), the failure to include certain particulars in the baggage check, including notice of the Convention’s liability limitations, results in a loss of the limitation of liability (Chan v Korean Air Lines, Ltd., 490 US at 131).
In the instant case, defendant failed to prove delivery either of the passenger ticket or the baggage check. Moreover, even assuming, as defendant argues, that delivery of a ticket jacket containing notice of the applicability of the Warsaw Convention limitation of liability provisions may be deemed sufficient to entitle the carrier to the Convention’s protections, defendant failed to establish delivery of the ticket jackets to plaintiffs, its sole proof on the matter at trial consisting of the conclusory statement by its defense counsel that a ticket jacket was provided to every customer upon check-in.
Accordingly, it was error for the court below to conclude that plaintiffs were provided a “contract” at the time of their check-in, and that “plaintiffs’ remedy is limited to the limitations of the contractual agreement with the defendant.” Moreover, contrary to defendant’s contention, the release provision on the back of the check issued by defendant did not constitute an accord and satisfaction, since plaintiffs preserved their right pursuant to UCC 1-207 to pursue further recovery on their claim for actual damages by writing on the back of the check “partial *110 payment for 4-26-03 loss” (see Metropolitan Knitwear v Trans World Fashions, 233 AD2d 241 [1996]). The measure of plaintiffs’ damages for the loss of their personal property is the actual value of such property taking into account the original cost and relative newness and the extent, if any, to which it has deteriorated or depreciated through use, damage, age, decay or otherwise (36 NY Jur 2d, Damages §§ 82, 84, 85, 87),. Moreover, the testimony of the plaintiffs may be credited as to the personal property involved (see Kemp v Mid-Town Movers, 2003 NY Slip Op 51154[U] [App Term, 2d & 11th Jud Dists 2003]; Melendez v Panache Cleaners Inc., 2003 NY Slip Op 51041[U] [App Term, 9th & 10th Jud Dists 2003]).
Under the circumstances of this case, the matter should be remanded to the court below for an assessment of plaintiffs’ damages.
Rudolph, EJ., Angiolillo and Tanenbaum, JJ., concur.