■ PROFEX, INC., Appellant, v TOWN OF FISHKILL et al., Respondents. [883 NYS2d 912]—In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Sproat, J.), dated March 31, 2008, as granted that branch of the motion of the defendant Town of Fishkill which was for summary judgment dismissing the complaint insofar as asserted against it and granted that branch of the cross motion of the defendants J. Paul Vosburgh, Architect, P.C., and J. Paul Vosburgh which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

"[T]he rule of accord and satisfaction has generally been accepted as a legitimate and expeditious means of settling contract disputes" (*Horn Waterproofing Corp. v Bushwick Iron & Steel Co.*, 66 NY2d 321, 325 [1985]). The party asserting the affirmative defense of accord and satisfaction must establish that there was a disputed or unliquidated claim between the parties which they mutually resolved through a new contract discharging all or part of their obligations under the original contract (*see Merrill Lynch Realty/Carll Burr, Inc. v Skinner*, 63 NY2d 590, 596 [1984]; *Pothos v Arverne Houses*, 269 AD2d 377, 378 [2000]; *Trans World Grocers v Sultana Crackers*, 257 AD2d 616, 617 [1999]). The defendants established their respective entitlement to judgment as a matter of law on the basis of an accord and satisfaction (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Spolzino, J.P., Santucci, Florio and Lott, JJ., concur.