■ HUIMIN SUN et al., Respondents, v HELEN RUIJIA CAI, Appellant. [45 NYS3d 155]—

In an action to recover unpaid interest on a promissory note, the defendant appeals from a judgment of the Supreme Court, Queens County (Yablon, Ct. Atty. Ref.), entered October 2, 2015,

which, after a nonjury trial and upon a decision of the same court dated June 30, 2015, is in favor of the plaintiffs and against her in the principal sum of $39,714.72.

Ordered that the judgment is affirmed, with costs.

In July 2004, the plaintiffs loaned $140,000 to their niece, the defendant, for the sole purpose of providing her funds to purchase a specific apartment located in Flushing. The loan was evidenced by a promissory note signed by the defendant before a New York licensed notary public, and provided, inter alia, that the defendant, in addition to paying back the principal amount of the loan, would also pay interest at a variable rate based upon the prime rate. In February 2012, the defendant sent a letter to the plaintiff Huimin Sun claiming, inter alia, that the interest amortization and calculations were improper. She explained that she was enclosing a check in the amount of $26,341.49, representing the outstanding principal balance and that, when cashed, the debt would be satisfied in full. Prior to Huimin Sun cashing the check, he indorsed the reverse side with the notation "without prejudice and under protest."

In or around September 2012, the plaintiffs commenced this action to recover $39,674.71, which they alleged to be the unpaid interest under the promissory note. The Supreme Court denied the plaintiffs' motion for summary judgment on the complaint, finding that a triable issue of fact existed regarding the calculation of interest, and the matter was referred to a Court Attorney Referee to hear and determine. In a written stipulation dated October 28, 2014, the parties agreed to waive a trial of disputed facts and to have the interest issue decided based upon submitted documents and a stipulation of facts. The stipulation also contained a provision affording the defendant the opportunity to submit a counterproposal to the plaintiffs' interest calculation. However, she failed to do so.

In a decision dated June 30, 2015, the Court Attorney Referee applied New York law to the dispute, determined that the indorsement of the check with the notation of "without prejudice and under protest" preserved the plaintiffs' right to seek the unpaid interest, and concluded that the plaintiffs were entitled to a judgment in the amount of $39,714.72, plus statutory interest from March 1, 2012. Contrary to the defendant's contention that New Jersey law should apply because of the plaintiffs' residence there, the Court Attorney Referee properly determined that New York law governed this transaction. New York had the most significant relationship to the transaction since the note was executed in New York by the de-

fendant, a New York domiciliary, and the loan evidenced by the note was given to the defendant by the plaintiffs for the sole purpose of providing the defendant with funds to purchase an apartment located in Flushing (*see Zurich Ins. Co. v Shearson Lehman Hutton*, 84 NY2d 309 [1994]; Restatement [Second] of Conflict of Laws §§ 6, 188).

Applying New York law, the Court Attorney Referee properly concluded that the defendant failed to establish that Huimin Sun's cashing of the check in the amount of $26,341.49 constituted an accord and satisfaction. "As a general rule, acceptance of a check in full settlement of a disputed unliquidated claim operates as an accord and satisfaction discharging the claim" (*Merrill Lynch Realty/Carll Burr, Inc. v Skinner*, 63 NY2d 590, 596 [1984]). "The party asserting the affirmative defense of accord and satisfaction must establish that there was a disputed or unliquidated claim between the parties which they mutually resolved through a new contract discharging all or part of their obligations under the original contract" (*Profex, Inc. v Town of Fishkill*, 65 AD3d 678, 678 [2009]). The indorsement of a check with the notation "under protest," or similar wording, constitutes an explicit reservation of rights which precludes an accord and satisfaction (UCC former 1-207 [internal quotation marks omitted]; *see Horn Waterproofing Corp. v Bushwick Iron & Steel Co.*, 66 NY2d 321, 332 [1985]; *Metropolitan Knitwear v Trans World Fashions*, 233 AD2d 241, 242 [1996]).

Here, the note contained specific language, inter alia, providing that the defendant would pay both principal and interest on the $140,000 loan. When the defendant sent the February 8, 2012, letter challenging the calculation of interest and declaring that the check for $26,341.49 satisfied the debt in full, she submitted a partial payment as payment in full of a disputed or unliquidated claim. In response, Huimin Sun's indorsement of the back of the check with the words "without prejudice and under protest" constituted an explicit reservation of rights pursuant to UCC former 1-207, thereby precluding an accord and satisfaction.

Based upon the documentation and stipulated facts submitted to the Court Attorney Referee, including the plaintiffs' calculation of interest due, which was unrefuted by the defendant, the court properly awarded judgment to the plaintiffs in the sum of $39,714.72, plus statutory interest from March 1, 2012. Dillon, J.P., Hall, Hinds-Radix and Brathwaite Nelson, JJ., concur.