<partyblock>

Sandra Dixon, Respondent,

against

Public Storage, Appellant, Ms. Hannah, Defendant.

Miller & Lee, LLP (Noah Grillo of counsel), for appellant.

Sandra Dixon, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Cenceria P. Edwards, J.), entered August 7, 2018. The judgment, insofar as appealed from, after a nonjury trial, awarded plaintiff the principal sum of $2,500 as against defendant Public Storage.

ORDERED that the judgment, insofar as appealed from, is reversed, without costs, and the matter is remitted to the Civil Court for the entry of an amended judgment dismissing the complaint insofar as asserted against defendant Public Storage.

In this action, plaintiff seeks to recover the principal sum of $25,000 against defendants Public Storage (defendant) and Ms. Hannah, alleging in the endorsed complaint causes of action for breach of contract, and, in effect, for conversion, based on the sale at auction of items plaintiff had stored in a facility owned by defendant. At a nonjury trial, plaintiff testified that, after entering into a contract with defendant, she had stored items in defendant's storage facility, following which defendant had disposed of all the property in her storage unit. Defendant's witness testified that the rent on plaintiff's storage unit had been paid by a third party, and that, upon receiving notice that the third party would be ceasing payment, defendant had so informed plaintiff. He asserted that defendant had further notified plaintiff that, in the event that she failed to make payments on the storage unit, the contents of the unit would be sold at a public auction; that plaintiff had failed to make the required payments; and that, after advertising the sale of the contents of plaintiff's storage unit in a newspaper and notifying plaintiff of the forthcoming sale, [*2]defendant had sold the contents of plaintiff's storage unit at auction for $100, which was less than the amount of money that plaintiff owed defendant.

Plaintiff denied that she had owed money to defendant. She claimed that an "exerciser" she had stored in the unit had cost approximately $3,000, and that she had also stored an air-conditioner, a fish tank, important documents, and items of sentimental value in the storage unit. Plaintiff testified that she was unable to provide valuations of the items because she had also stored in the unit all the documents which she might have used to prove the value of the property that defendant had sold. Following the trial, the Civil Court awarded plaintiff the principal sum of $2,500 as against defendant and implicitly dismissed so much of the complaint as was asserted against Ms. Hannah.

Plaintiff failed to prove the elements of a cause of action for breach of contract, since she did not establish either her performance in accordance with the requirements of her contract with defendant, defendant's breach thereof, or her damages (see Legum v Russo, 133 AD3d 638, 639 [2015]). Without reaching the issue of whether plaintiff established, prima facie, defendant's liability based on her cause of action for conversion, we note that it was incumbent on plaintiff to prove her damages, measured by the value of the lost property at the time and place of the conversion (see Fantis Foods, Inc. v Standard Importing Co., Inc., 49 NY2d 317, 326 [1980]; Rajeev Sindhwani, M.D., PLLC v Coe Bus. Serv., Inc., 52 AD3d 674, 676 [2008]; Henderson v Holley, 112 AD2d 190 [1985]; Schussheim v Snitkoff, 55 Misc 3d 150[A], 2017 NY Slip Op 50732[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]). The fact that, because of defendant's alleged malfeasance, plaintiff was no longer in possession of her receipts for the lost items, did not excuse plaintiff from the requirement to provide objective information about the value of her property at the time it was allegedly converted (see Kante v Queens Medallion Leasing, Inc., 46 Misc 3d 139[A], 2015 NY Slip Op 50087[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]), such as information about its size, style, brand, age or condition, from which its reasonable worth at the time of the conversion could be ascertained (see Kodak v American Airlines, 9 Misc 3d 107 [App Term, 2d Dept, 9th & 10th Jud Dists 2005]; see also 36 NY Jur 2d, Damages  82, 85, 87). We note that plaintiff was not entitled to a judgment based on the sentimental value of her lost items (see Slepoy v Kliger, 26 Misc 3d 126[A], 2009 NY Slip Op 52603[U], *3 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; see also Bensen v Wojsz, 24 Misc 3d 142[A], 2009 NY Slip Op 51724[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). Since plaintiff failed to prove the value of her lost property at the time of the loss, she was not entitled to a judgment.

Accordingly, the judgment, insofar as appealed from, is reversed and the matter is remitted to the Civil Court for the entry of an amended judgment dismissing the complaint insofar as asserted against defendant Public Storage.

PESCE, P.J., WESTON and SIEGAL, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: October 4, 2019

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>