Baranova v Gorodetsky (2020 NY Slip Op 51136(U))

[*1]

Baranova v Gorodetsky

2020 NY Slip Op 51136(U) [69 Misc 3d 129(A)]

Decided on October 2, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 2, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2019-759 Q C

Valentina Baranova, Respondent, 
against
Greg Gorodetsky, Appellant. 

Greg C. Gorodetsky, appellant pro se.
Valentina Baranova, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County (David
M. Hawkins, J.), entered September 27, 2018. The judgment, after a nonjury trial, awarded
plaintiff the principal sum of $1,300.

ORDERED that the judgment is reversed, without costs, and the matter is remitted to the
Civil Court for the entry of a judgment dismissing the action.
In this small claims action, plaintiff seeks a refund of $1,300 of the fees she paid to
defendant, who is an attorney, contending that he failed to do sufficient work to justify those
fees. At a nonjury trial, it was established that, in January 2017, plaintiff had paid defendant
$3,500 when she retained him to represent her in a matrimonial action. Under the terms of the
parties' retainer agreement, defendant was to be paid at the hourly rate of $350. Defendant
testified that he had performed services for plaintiff that included negotiating with opposing
counsel and preparing several drafts of a stipulation of settlement as well as an answer to the
complaint; that he had communicated extensively with plaintiff; and that he had discounted the
amount which he had billed her. On April 14, 2017, defendant emailed plaintiff an invoice,
which showed 15.50 attorney hours accrued on plaintiff's behalf, for a total of $5,425, and a net
sum of $1,925 due by April 24, 2017. On April 15, 2017, plaintiff went to defendant's office to
sign the answer, which, the evidence indicated, was due to be served and filed within three days.
At that time, defendant agreed to reduce his bill by $625, provided that plaintiff paid him by cash
or check; the parties both signed an agreement that the bill was "reduced to $1,300 (thirteen
hundred) on consent between attorney and the client"; and plaintiff paid defendant $1,300.
Plaintiff brought this action seeking a refund of that sum. Following the trial, the Civil Court
awarded plaintiff a judgment in the principal sum of $1,300.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
[*2]law" (CCA 1807; see CCA 1804; Ross v
Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
Furthermore, the determination of a trier of fact as to issues of credibility is given substantial
deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of
the witnesses affords it a better perspective from which to assess their credibility (see Vizzari
v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511
[1991]). This deference applies with greater force to judgments rendered in the Small Claims
Part of the court (see Williams v Roper, 269 AD2d at 126).
The undisputed evidence, that the parties had entered into a signed agreement which
discharged plaintiff's liability under defendant's $1,925 invoice in consideration for plaintiff's
payment to defendant of $1,300, was sufficient to establish defendant's affirmative defense of
accord and satisfaction to plaintiff's claim (see Profex, Inc. v Town of Fishkill, 65 AD3d
678, 678 [2009]; see also Merrill Lynch Realty/Carll Burr, Inc. v Skinner, 63 NY2d 590,
596 [1984]). Plaintiff bore the burden of proof to the extent that she sought to invalidate the
agreement on the ground of duress (see Ascentium Capital, LLC v Automotive Fleet Leasing
Co., 175 AD3d 1468, 1469 [2019]). While the Civil Court concluded, in effect, that plaintiff
had agreed to pay $1,300 under duress, because defendant had demanded payment "on the eve of
the [expiration] of a time-period for him to file an answer," defendant's invoice requested
payment by April 24, 2017, which, the evidence showed, was several days after the answer to the
complaint was due. Thus, the facts establish that plaintiff did not sign the agreement under a
threat of economic duress (see Stuart M. Muller Constr. Co. v New York Tel. Co., 40
NY2d 955, 955 [1976]; Sitar v Sitar, 61 AD3d 739, 742 [2009]). Since plaintiff failed to
establish any basis for invalidating her signed consent to pay defendant $1,300, we conclude that
the judgment failed to render substantial justice (see CCA 1804, 1807).
Accordingly, the judgment is reversed and the action is remitted to the Civil Court for the
entry of a judgment dismissing the action.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 2, 2020