Pro-Com Prods., Inc. v Data Vision Computer Video, Inc. (2022 NY Slip Op
50594(U))

[*1]

Pro-Com Prods., Inc. v Data Vision Computer Video, Inc.

2022 NY Slip Op 50594(U) [75 Misc 3d 140(A)]

Decided on June 10, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 10, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, CHEREÉ A.
BUGGS, JJ

2021-240 Q C

Pro-Com Products, Inc., Respondent, 
against
Data Vision Computer Video, Inc., Appellant.

Thomas Torto, for appellant.
Tenaglia & Hunt, P.A. (David Sussman of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Rachel
Freier, J.), entered January 12, 2020. The order denied defendant's motion for summary judgment
dismissing the complaint.

ORDERED that the order is reversed, without costs, and defendant's motion for summary
judgment dismissing the complaint is granted.
In this action to recover the principal sum of $10,224 for the sale of electric skateboards,
defendant moved for summary judgment dismissing the complaint. In a supporting affidavit,
defendant's president stated that, after negotiations with plaintiff's representatives, a check dated
October 12, 2017 in the sum of $2,371 was sent by defendant and deposited by plaintiff. The
check bore a notation on the memo line on the front of the check, which stated "[t]his pays all
monies owed as of 10/11/17," and there was a substantially similar statement on the back of the
check on the endorsement line. Defendant contended that, under the circumstances presented,
this payment constituted an accord and satisfaction of plaintiff's disputed invoice in the sum of
$12,595. In opposition to the motion, plaintiff's senior vice president stated that, when the check
was deposited, no one noticed the notation written thereon and that plaintiff had never agreed to
accept the $2,371 check in satisfaction of the balance due of $12,595. In an order dated January
12, 2020, the Civil Court denied defendant's motion, finding that defendant failed to set forth
evidence as to plaintiff's intent to accept the check in full satisfaction of the outstanding
debt.
The party asserting the affirmative defense of accord and satisfaction bears the burden of
establishing "that there was a disputed or unliquidated claim between the parties which they
mutually resolved through a new contract discharging all or part of their obligations under the
original contract" (Profex, Inc. v Town
of Fishkill, 65 AD3d 678, 678 [2009]). "As a general rule, acceptance of a check in full
settlement of a disputed unliquidated claim operates as an [*2]accord and satisfaction discharging the claim" (Merrill Lynch
Realty/Carll Burr, Inc. v Skinner, 63 NY2d 590, 596 [1984]). Here, defendant established
that there was a disputed claim between the parties, and that, after discussions between plaintiff
and defendant, plaintiff had not objected to the check, but, indeed, had deposited the check
which, on its face and on the endorsement line, noted that it was in full satisfaction of all monies
owed (see Congregation Chachmei Sefarad v Dickman, 198 AD2d 395 [1993]; Guadagni v Chong, 2 Misc 3d
126[A], 2003 NY Slip Op 51678[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2003]).
Consequently, defendant properly established an accord and satisfaction, and the Civil Court
erred in denying defendant's motion.
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing
the complaint is granted.
ALIOTTA, P.J., WESTON and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 10, 2022